■ BRIGHT-TOP INC., Respondent, v. VERRICO, INC., Appellant.— Judgment entered August 3, 1967 unanimously modified on the law and the facts by setting aside so much of the jury's verdict as is based on plaintiff's second cause of action and directing retrial thereof, the third decretal paragraph of said judgment to stand, however, in respect of that portion thereof based on plaintiff's first cause of action, execution thereof to be stayed pending retrial; said judgment further unanimously modified on the law to the extent of vacating dismissal by the court of defendant's first and second counterclaims and directing retrial thereof; said judgment further unanimously modified on the law and on the facts to the extent of setting aside as against the weight of the evidence so much of the verdict of the jury as found in favor of plaintiff on defendant's fourth, sixth, seventh, ninth, and tenth counterclaims, and directing retrial thereof; otherwise unanimously affirmed, all with costs to abide the event. Plaintiff, owner of a process for finishing in color partially fabricated portions of eyeglass frames, performed such work for defendant, with knowledge of the fact that the work was actually being done for defendant's customers. An important aspect of the work was that the finished pieces, in order to be acceptable, were to fall within certain color ranges set on charts. Over a period of time, numerous pieces were returned to plaintiff for refinishing, and plaintiff did the work, giving credit for the rejects and charging anew for the re-finished pieces. Relations between the parties deteriorated at a time when defendant owed plaintiff upwards of $10,000 on open account, and plaintiff delivered a statement to defendant for some $6,000 over and above the open account for labor on unshipped merchandise, following almost immediately with a suit stating two causes, and demanding both sums. Defendant set up 12 counterclaims, five of which (3, 5, 8, 11 and 12) were dismissed on consent, two (1 and 2) dismissed by the court as insufficient in law, and the remaining five (4, 6, 7, 9 and 10) submitted to the jury, which found for plaintiff thereon. The jury found for plaintiff on the first cause ($10,759.18) and the second ($6,302.92). The first cause is virtually conceded by defendant, apparently regarded as a fund available for offset of amounts claimed by defendant as counterclaims. The subjects of the appeal are the second cause and seven counterclaims. Proof of the second cause is found to be insufficient, consisting as it does primarily of the testimony of plaintiff's president, who confessed to a paucity of knowledge of the subject matter, naming one Lyons, never called as a witness, as the knowledgeable and responsible employee. The evidence concerning work done on some thousands of pieces remaining in plaintiff's hands was, to say the least, confused. It was not made clear whether some portion of the work done and charged for consisted of the stripping of rejects for reprocessing. It was not certain what portion, if any, of the work charged had actually been ordered; it appeared that at least some work had been done in anticipation of orders which never eventuated. Apparently, no demand was ever made for payment for this work except by the statement sent immediately prior to the commencement of suit, and that statement cannot be considered a demand for payment. All in all, the evidence presented did not justify submission to the jury and the verdict underlying this portion of the judgment should be set aside, and the issue should be tried anew. The first and second counterclaims sought to recover for sums required to be credited by defendant to its customers by way of reimbursement for rejects

returned by them to defendant, and in turn passed back to plaintiff. There is an issue of fact as to whether the damage, claimed to have flowed from plaintiff's inadequate fabrication of the work contracted out, was within the reasonable contemplation of the parties; these counterclaims should not have been dismissed on the law, and they are to be reinstated and retried. The fourth, seventh, ninth and tenth counterclaims are based on damage to defendant in its customer relations because of the allegedly substandard quality of the work produced by plaintiff. The overwhelming evidence was to this effect and the jury's verdict against defendant on these counterclaims is against the weight of that evidence, possibly attributable to speculative testimony, unconnected to any actual happening, that the falling off in acceptance by defendant's customers was due to seasonal changes in style. The verdicts are to be vacated and set aside, and the issues retried. The sixth counterclaim for value of defendant's merchandise in plaintiff's hands is similarly reinstated notwithstanding the jury's verdict. It is not rendered moot by inclusion in the judgment of a provision for return of the subject merchandise to defendant upon payment of the judgment so as to preserve plaintiff's lien thereon; it has not been established whether plaintiff has the goods to return, or even whether they still exist. The judgment will stand under the first cause which, as has been said, is virtually uncontested. However, because of the number of issues which remain undisposed of, proceedings by way of execution will be stayed pending the resolution of the issues tendered by the second cause of action, and the first, second, fourth, sixth, seventh, ninth, and tenth counterclaims, which are to be severed for retrial. To the same end, the third decretal paragraph of the amended judgment will stand only to the extent that it reflects the amount awarded under the first cause of action, and costs will await the outcome. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Steuer, JJ.